### Harvey Ballentine, appellant, *v.* William McDow-ell, appellee.

#### *Appeal from Wabash.*

In an action for use and occupation of a ferry and ferry landing, the plaintiff
proved that the defendant had a conversation with the plaintiff's agent, in which
the plaintiff's agent wished the defendant to agree to pay a specific rent, to
which the defendant made no other objection than to the amount of rent re-
quired, and offered a smaller sum, which was not agreed to; and that the de-
fendant continued to use and occupy the premises : *Held* that the evidence was
insufficient to establish the relation of landlord and tenant, or to support the
action.

This was an action of *assumpsit* commenced by McDowell
against Ballentine, in the Wabash Circuit Court, for the use and
occupation of a ferry and ferry landing.    The cause was heard at
the April term, 1839, and judgment rendered for the plaintiff for
$ 125 and costs.    The following bill of exceptions was taken :

" Be it remembered, that on the trial of this cause there was no
evidence that the defendant held or occupied the premises by the
assent or permission of the plaintiff, except a conversation which
defendant had with the plaintiff's agent, in which the plaintiff's
agent wished the defendant to agree to pay a specific rent, and in

which the defendant made no other objection than to the amount of rent required, and offered a smaller sum which was not agreed to, and defendant continued to occupy and use the premises. Defendant also offered in evidence an instrument between himself and one Thomas S. Hinde, which is as follows :

" ' It has been agreed by Th. S. Hinde and Harvey Ballentine, as follows ; That until other arrangements are made, we agree as follows : 1. That said Ballentine to pay the same rent for Th. S. Hinde's right of ferry from Illinois side, directly opposite and front of Mount Carmel, now occupied by him, as he did last year, viz. at the rate of fifty dollars a year, and said ferry to be regularly attended to at said Hinde's order, until he, said Hinde, shall make a different arrangement with said Ballentine or otherwise.

" ' *October* 18*th*, 1836.

" ' *Note.* But if any change is made between this and next spring, by said Hinde as to said ferry, say thirty dollars a year, or at that rate. H. BALLENTINE,
TH. S. HINDE.'

" Upon which agreement there is the following endorsements.
" ' Rec'd in full for 1836 – 7, $ 50,00.
" ' TH. S. HINDE.'

" ' We renew this agreement on the same term as last year, this 18th Oct., 1837. H. BALLENTINE.
TH. S. HINDE.

" ' *Witness,* MARY TAYLOR.'

" ' I renew this agreement for the ferry from 18th Oct. 1838, to 18th Oct. 1839, at the same rate. H. BALLENTINE.

" ' *Witness,* CHAS. CAVILIER, JR.'

" ' Credit Harvey Ballentine for 1838, $ 50 in full.
" ' TH. S. HINDE.'

" ' March 28th, 1839. Credit by payments made for 1839, from 18th Oct., in part of $ 50, $ 26,25. TH. S. HINDE.'

" Under which he claimed to use the premises ; but it was proved that he generally used and occupied the premises of the plaintiff.

" The Court gave verdict and judgment for the plaintiff ; to which the defendant excepts, and prays his bill of exceptions to be signed, sealed, and allowed a part of the record, which is done.
" J. HARLAN. (Seal.)"

The defendant appealed to this Court, and assigned for error the judgment of the Court upon the evidence adduced.

E. B. WEBB, for the appellant, cited Bancroft *v.* Wardle, 13 Johns. 490; Osgood *v.* Dewey, 13 Johns. 240 ; Abeel *v.* Radcliff, 13 Johns. 298 ; Abeel *v.* Radcliff, 15 Johns. 505 ; Smith *v.* Stewart, 6 Johns. 46 ; 2 Tuck. Com. 20, 136 ; 3 Stark. Ev. 1514.

O. B. FICKLIN, for the appellee, cited Norris, Peake 394 ; 2 Tuck. Com. 20 ; 1 Munf. 407.

SMITH, Justice, delivered the opinion of the Court :

This is an action for the use and occupation of land. The cause was submitted to the Court, on evidence, without the intervention of a jury, and judgment rendered for the plaintiff in the Circuit Court.

From the bill of exceptions it is very clear, on the evidence stated in it, that there is nothing to support the judgment. It does not appear that the relation of landlord and tenant existed between the parties to the action. An offer to hire, and a refusal to pay rent, negatives the idea of a contract, instead of supporting one by inference ; besides there is no proof how long the party occupied the premises, nor was there any promise to pay any specific sum for rent, nor has the value of the use of the ground been shown. So far as there is evidence of value, the defendant has shown it to be fifty dollars per annum, under an arrangement with a third person under whom the defendant below claimed to use the premises and ferry.

We cannot doubt that the judgment should be reversed with costs.

*Judgment reversed.*